UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CR-00596 RWS SRW ) |
| PING OUYANG, | ) ) |
| Defendant. | ) |

## UNITED STATES' MOTION FOR PRETRIAL DETENTION AND HEARING

COMES NOW the United States of America, by and through Sayler A. Fleming, United States Attorney, and Justin M. Ladendorf, Assistant United States Attorney, for the Eastern District of Missouri, and hereby moves the Court to order Defendant Ping Ouyang detained pending trial, and requests that a detention hearing be held within three days of Ouyang's initial appearance, pursuant to 18 U.S.C. § 3142(f)(2).

As and for its grounds, the Government states as follows:

## LEGAL STANDARD

1. Ouyang is charged by indictment with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.

2. When considering the issue of detention in this case, the Court must first decide whether the case involves a serious risk of flight. 18 U.S.C. § 3142(f)(2)(A); *United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023) ("[T]he government has the burden to show that the case 'involves' one of the circumstances defined in §3142(f)(1) or (2)."). If it does, then, just as in any other case, the Court must determine "whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the

community" by considering, among other things, (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g). While these two inquiries are "not identical," they "substantially overlap," so "many of the same considerations apply." *Cook*, 87 F.4th at 924–25. A finding of serious risk of flight and risk of nonappearance need only be supported by a preponderance of the evidence, and a finding of dangerousness must be supported by clear and convincing evidence. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). "[E]ither danger to the community or risk of flight is sufficient to authorize detention." *United States v. Cantu*, 935 F.2d 950, 952 (8th Cir. 1991).

## ARGUMENT

3. This case involves a serious risk of flight that Ouyang will flee and fail to appear as required.

4. Ouyang is not a United States citizen and has been in the country unlawfully since October 14, 2023.

5. Ouyang is believed to have significant ties outside the United States, has no ties whatsoever to the Eastern District of Missouri, and, to the Government's knowledge, lacks significant ties to any other District, including the Western District of Kentucky where he was arrested while attempting to carry out the charged wire fraud conspiracy *after* he attempted to flee the scene once he observed law enforcement in the driveway of his intended victim's residence.

6. Despite providing law enforcement in Kentucky with a New York address, Ouyang claimed to be staying at a hotel in Indianapolis, Indiana, was unable to explain to law enforcement why he was in Kentucky, and could not identify the person who he travelled with to Kentucky—

that being his co-defendant, Wen Chen, who provided law enforcement with a California address and who was similarly unable to identify Ouyang or to explain what he was doing in Kentucky.

7. The weight of the evidence against Ouyang is strong. Law enforcement obtained WhatsApp messages sent to one of Ouyang's co-conspirators, Co-Conspirator 1, in which Co-Conspirator 1 was asked to travel to the Kentucky victim's residence and pick up $20,000 cash as part of an elder-fraud scam. After Co-Conspirator 1 indicated that he could not make the pickup, law enforcement went to the victim's residence, where they intercepted Ouyang attempting to carry out the scam.

8. Ouyang is facing a lengthy period of incarceration—up to 20 years—if convicted. Additionally, Ouyang is subject to removal or deportation after serving any period of incarceration.

9. For all of these reasons, Ouyang presents a serious risk of flight, and there is no combination of conditions that can reasonably assure his appearance as required.

WHEREFORE, the Government requests this Court to order Ouyang detained prior to trial, and further to order a detention hearing three (3) days from the date of Ouyang's initial appearance.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

*/s/ Justin M. Ladendorf*
JUSTIN M. LADENDORF, #68558MO
ASSISTANT UNITED STATES ATTORNEY
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200